IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CONSIDERATE COMMERCE INC., §
§
Plaintiff, §
§
V. § No. 3:23-cv-2140-E-BN
§
ISP ELECTRONICS LLC, ISP TEK §
SERVICES LLC, and CAPTIVE §
TRADE CORPORATION, §
§
Defendant. §

**FINDINGS, CONCLUSION, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants ISP Electronics LLC ("ISP Electronics") and ISP TEK Services LLC ("ISP Tek") have filed a Motion for Temporary Restraining Order and Preliminary Injunction, or Alternatively, Motion for Protection and Brief in Support ("Motion for Preliminary Injunction") against Plaintiff Considerate Commerce and Counter Defendants Mahmood Mansornia aka Mahmood Osorio aka Oody Osorio and Melody Osorio. *See* Dkt. No. 39.

Plaintiff Considerate Commerce ("Considerate") filed a response and amended response, *see* Dkt. Nos. 53 & 54, and Defendants filed a reply, *see* Dkt. No. 59.

Considerate filed a Motion for Leave to File Plaintiff's Response and Amended Response ("Motion for Leave to File") after it already filed its response. *See* Dkt. No. 55.

Defendants filed a response to Considerate's Motion for Leave to File, *see* Dkt. No. 58, and Motions to Strike Considerate's response and amended response, *see* Dkt. Nos. 56 & 57 respectively.

Considerate filed a consolidated response to Defendants' Motions to Strike [Dkt. Nos. 56 & 57] and Defendants' response to Considerate's Motion for Leave to File [Dkt. No. 58]. *See* Dkt. No. 68.

## Background

This case concerns an alleged agreement and partnership, and disputes over the parties' obligations, fulfillment of those obligations, and alleged wrongdoing. Considerate is a company founded and run by Melody Osoio and Mahmood Osorio ("Oody") that Considerate claims "designed and developed" an Automated Refurbishing Solution ("ARS") to refurbish computer equipment. Dkt. No. 10 at 3. The 2023 revision of the ARS software is copyrighted. *See id.* at 4.

Considerate states that it entered into a partnership agreement with Defendants around June 2020 to provide the ARS software, build Defendants' IT infrastructure, and perform other services in exchange for $5,000 a month and an equivalent of 3% of the proceeds when Defendants sold their company. *See id.* at 5. Considerate believed that the Defendants' company would be sold within a year. *See id.* When it was not sold, Considerate states that the parties further amended the agreement to offer Considerate a higher monthly payment and percentage of the future sale. *See id.* at 6.

The parties worked together until around the time that Considerate Commerce found out that an Australian group Close the Loop ("CLG") had acquired Defendants' company. *See id*. at 9. Considerate was not paid the percentage of the sale price that it believed it was owed and ended the licensure of their software with Defendants on April 25, 2023. *See id*. at 10. Considerate states that Defendants do not have the ARS software, that they have attempted to force access to the ARS software on their servers, or that they are claiming the software as their own to CLG. *See id*. at 12.

In their petition, Considerate asks the Court for permission to remove the software from Defendants' servers. *See id*. Considerate brings claims of breach of fiduciary duty, fraud, fraud in the inducement, a violation of the Texas Theft Liability Act, conversion, misappropriate of confidential information and trade secrets under common law and the Texas Uniform Trade Secrets Act, breach of contract, quantum meruit, promissory estoppel, and aiding and abetting. *See id*. at 13-19. Considerate also requests a declaratory judgment declaring that a valid partnership agreement exists and the terms of the agreement and a temporary injunction. *See id*. at 19-20.

Defendant ISP Tek has filed a counterclaim against Considerate Commerce, Mahmood Mansornia a.k.a. Mahmood Osorio, and Melody Osorio ("the Osorios"), alleging violations of federal, state, and common law including violations of the Computer Fraud and Abuse Act, violations of the Texas Deceptive Trade Practices Act, conversion, violations of the Texas Theft Liability Act, and violations of the Texas Uniform Trade Secrets Act among others among others. *See* Dkt. Nos. 11 & 39.

The current motions regarding ISP Tek's and ISP Electronics' Motion for Preliminary Injunction fall within two categories: substantive and procedural.

The parties have fully briefed the Defendants' Motion for Preliminary Injunction, addressing the substance of the motion.

The remaining motions are procedural. Considerate filed its response to the Motion for Preliminary Injunction [Dkt. No. 53] two days late and filed an amended response [Dkt. No. 54] five days late under Local Civil Rule 7.1(e), and it filed a Motion for Leave to File after already filing its response [Dkt. No. 55]. Defendants responded by filings motions to strike Considerate's response and amended response as untimely. The undersigned will address all these related motions in these Findings, Conclusion, and Recommendation.

## Legal Standards and Analysis

I.    <u>The Motion for Preliminary Injunction</u>

A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). Granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

To obtain a preliminary injunction, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened

injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) ("The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."); *see generally Univ. of Tex. v. Camenisch*, 451 U.S. 390, 392, 398 (1981) (approving of the district court's and the United States Court of Appeals for the Fifth Circuit's relying on the balance of the four factors enunciated in *Canal Authority*).

The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

In their Motion for Preliminary Injunction, Defendants argue that they have met all four elements by showing that the Osorios have stolen their confidential information and trade secrets, have disseminated their confidential information in the original unredacted petition, and will continue to do so without an injunction. *See generally* Dkt. No. 39. Defendants request the Court enter an injunction ordering:

(a) The Osorio Counter-Defendants shall return within 24 hours all technology hardware, software, and any other devices belonging to ISPTek in both hard copy and electronic form, including, without limitation, the ISPTek Laptop;

(b) The Osorio Counter-Defendants shall not use, publish, disseminate, distribute, or otherwise disclose ISPTek's Confidential Information;

(c) The Osorio Counter-Defendants shall return within 24 hours all confidential information belonging to ISPTek in both hard copy and electronic form and destroy any copies thereof;

(d) The Osorio Counter-Defendants shall be immediately enjoined from accessing ISPTek's Systems and the ISPTek Laptop and/or copying the data or information contained therein; and

(e) The Osorio Counter-Defendants shall be immediately enjoined from circumventing technological measures that control access to ISPTek's Systems and/or portions thereof (including but not limited to username, logins, credentials, registration, and password requirements), and from inducing, encouraging, causing, or materially contributing to any other person or entity doing the same[.]

*Id.* at 33.

ISP Tek requests, in the alternative, that the Court enter a protective order attached as Exhibit D. *See id.*

The attachments to the preliminary injunction detail some of the parties' communication and disagreement over an agreed protective order, leading to the filing of the current motion [Dkt. No. 39]. *See generally* Dkt. No. 39, Ex. C.

Defendants claim that the Court may presume irreparable injury "because the Osorio Counter Defendants unlawfully possess ISPTek's trade secrets," but, even without the presumption, Defendants claim the Osorios have used and will continue to disclose ISP Tek's confidential information, creating an irreparable injury. Dkt. No. 39 at 26.

Considerate responds that the "loss is in the past, and is not imminent" or irreparable. Dkt. No. 54 at 30. Considerate argues that they want to retain the

information for use in this litigation only and will agree to a mutual protective order.

*See id.* at 29.

Regarding the irreparable harm presumption with trade secrets, the United States Court of Appeals for the Fifth Circuit recently explained that,

> [t]hough the parties did not provide a choice of law analysis, it is unclear whether federal courts should apply a state-law 'presumption of irreparable harm' when determining whether a preliminary injunction should issue in federal court. *Compare Heil Trailer Int'l. Co. v. Kula*, 542 F. App'x 329, 336-38 (5th Cir. 2013) (vacating the denial of a preliminary injunction in part on the basis that Texas courts presume irreparable harm where trade secrets have been misappropriated) *with Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (citing only federal authorities in finding no error in the district court's conclusion that irreparable harm was likely).

*Direct Biologics, L.L.C. v. McQueen*, 63 F.4th 1015, 1021 (5th Cir. 2023).

Even if the Court does not apply the presumption, it is true that "Texas courts have long recognized that the disclosure of trade secret information constitutes irreparable injury as a matter of law." *Sunbelt Rentals, Inc. v. Holley*, No. 3:21-cv-3241-N, 2022 WL 1049468, at *6 (N.D. Tex. Apr. 7, 2022), *appeal dismissed*, No. 22-10369, 2022 WL 12140775 (5th Cir. Aug. 3, 2022).

But irreparable harm is "more than speculative; there must be more than an unfounded fear on the part of the applicant." *Tribal Sols. Grp., L.L.C. v. Valandra*, No. 23-60233, 2023 WL 7314308, at *2 (5th Cir. Nov. 6, 2023) (quoting *Louisiana v. Biden*, 55 F.4th 1017, 1034 (5th Cir. 2022) (internal quotation and citation omitted)." And "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d

262, 279 (5th Cir. 2012). "And critically, the irreparable harm 'must be based on future harm arising from future activity if not enjoined.'" *Winsupply E. Houston v. Blackmon*, No. 4:21-CV-01387, 2021 WL 5504756, at *8 (S.D. Tex. Nov. 22, 2021) (quoting *Amid Inc v Medic Alert Foundation United States Inc*, 241 F Supp 3d 788, 824 (S.D. Tex. 2017)). Even when a party pleads injuries that are irreparable, the party must still provide evidence to support those harms. *Tribal Sols.*, 2023 WL 7314308, at *2.

Defendants have not shown that they will suffer an imminent, irreparable injury that could not otherwise be protected through a protective order.

ISP Tek's main concern is that the Osorios "steadfastly assert a right to unrestricted use of the information by refused to agree to orders prohibiting disclosure, all but guaranteeing public dissemination of ISP Tek's Confidential Information." Dkt. No. 39 at 28. The harms that ISP Tek states it has suffered are that the Osorios used confidential information to send an email to ISP Tek's buyers and that it cited confidential information in its original petition, which has since been sealed. *Id.* at 23-24. ISP Tek's alleged future harm is that the Osorios will disseminate confidential information through the course of litigation that will become public – but this is what a protective order can prevent. *See Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-cv-3636-K, 2021 WL 3674102, at *3 (N.D. Tex. July 21, 2021) (explaining that "it is clear to the Court that the documents at issue appear to be directly relevant to [Plaintiff's] patent infringement claims, which very likely makes them discoverable in this case. This means that [Plaintiff] would likely be entitled to these

documents in some format with appropriate protections in place. The Court has already issued a protective order in this case that makes those protections possible. Considering this, the Court cannot conclude that Kinaxis will suffer irreparable harm, that threatened injury outweighs the damage that an injunction might cause, or that the injunction will not disserve the public interest.").

And, so, Defendants have not alleged irreparable harm as necessary for a preliminary injunction.

The Court need not address the rest of the elements necessary for preliminary injunction, where Defendants has failed to satisfy one. *See Alscott, Inc. v. Sealer*, No. 3:22-cv-844-L, 2022 WL 14915582, at *4 (N.D. Tex. Oct. 25, 2022) ("Because Plaintiff fails to show one of the essential elements [irreparable injury], the court determines that an analysis of the other elements is unnecessary.").

But the undersigned recommends issuing a protective order under which both parties' confidential information is protected from public dissemination during the course of this litigation, as proposed by Considerate Commerce, and directing the parties to jointly file a proposed protective order that covers as confidential information that both sides seek to protect from public disclosure, including the contents of the disputed laptop. *See* Dkt. No. 54-3, Ex. B.

II.    The Motion for Leave to File and Motions to Strike

Local Civil Rule 7.1(h) provides 21 days for a party to respond to an opposed motion. N. D. Tex. L. Civ. R. 7.1(g). Defendants argue that, because Considerate Commerce filed its response to the preliminary injunction two days after the 21-day

deadline, without a table of contents, and only after Defendants filed its Notice of Ripeness, the response should be stricken. *See generally* Dkt. No. 56. Defendants also argue that Considerate's amended response, which added the missing table of contents, should also be stricken as untimely. *See id.* at 5.

The United States Court of Appeals for the Fifth Circuit has held that a district court can act within its discretion to strike a response that is untimely under the local rules. *See Hutton v. Bank of New York Mellon Tr. Co., N.A.*, 847 F. App'x 252, 253 (5th Cir. 2021). But "[t]he Federal Rules allow district courts, for good cause, to extend time with or without motion if the court acts before the original time or its extension expires, or on motion made after time has expired if there was excusable neglect. FED. R. CIV. P. 6(b)(1)." *Kitchen v. BASF*, 952 F."3d 247, 254 (5th Cir. 2020).

"There are four non-exclusive factors for determining whether a late filing may constitute 'excusable neglect': (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)." *Kretchmer v. Eveden*, Inc., No. CIV.A.3:07CV1068D, 2009 WL 1939036, at *1 (N.D. Tex. July 2, 2009).

Plaintiff's counsel has filed a motion in violation of the Court's local rules more than once. And Plaintiff's counsel should do better. Yet, the undersigned finds excusable neglect.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Courts in this district have determined a "scheduling error" can be a basis for excusable neglect. *See Pritchett v. Philadelphia Indem. Ins. Co.*, No. 5:22-cv-42-H-BQ, 2022 WL 22380784, at *2 (N.D. Tex. Dec. 27, 2022).

Considering the other factors, the undersigned does not find bad faith in the late filing. The undersigned also finds that the delay is relatively short – 2 days from the scheduling deadline for the response, and 5 days from the scheduling deadline for the amended response adding a table of contents and authorities. *See* Dkt. Nos. 53 & 54.

Defendants argue that they have suffered prejudice because allowing Plaintiff to amend at whim has created a "lack of clarity" surrounding Defendants' deadlines and extra expense in having to respond to Plaintiff's additional filings. Dkt. No. 58 at 8. But the delay was relatively short, and Defendants were able to file a reply to Plaintiff's response.

In balancing the factors, the undersigned finds excusable neglect and recommends declining to strike the late responses.

The undersigned further finds that Motions to Strike are a disfavored response to a late response. Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

or scandalous matter." FED. R. CIV. P. 12(f). And "[m]otions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings." *Burnett v. ARCCA Inc.*, Civ. A. No. 15-1214, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016) (collecting cases); *see also id.* at *3-*4 (examining Federal Rules of Civil Procedure 7(a) and 7(b), which, respectively, define pleadings and motions, and concluding that a motion to dismiss "does not fit within Rule 7(a)'s exhaustive list of pleadings" and is instead "a request under Rule 7(b) for a court order"). Further, "[a]s a general matter, motions to strike are disfavored and disserve the interest of judicial economy." *Cooper v. Dallas Police Ass'n*, No. 3:05-cv-1778-N, 2013 WL 1787564, at *6 (N.D. Tex. Apr. 5, 2013).

The Court should deny the Motions to Strike and grant the Motion for Leave to File.

## Recommendation

The Court should grant Considerate's Motion for Leave to File [Dkt. No. 55] and deny Defendants' Motions to Strike [Dkt. No. 56 & 57] and grant in part and deny in part ISP Tek's Motion for Preliminary Injunction, or in the Alternative, Motion for Protective Order [Dkt. No. 39] by denying the motion for a preliminary injunction and issuing a protective order after the parties submit a joint proposed protective order consistent with the scope of coverage suggested above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<span>ED</span>. R. C<span>IV</span>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2024

_____
 DAVID L. HORAN
 UNITED STATES MAGISTRATE JUDGE