IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CONSIDERATE COMMERCE INC.,        §
                                  §
        Plaintiff,                §
                                  §
                                  §
V.                                §        No. 3:23-cv-2140-E-BN
                                  §
ISP ELECTRONICS LLC, ISP TEK      §
SERVICES LLC, and CAPTIVE         §
TRADE CORPORATION,                §
                                  §
        Defendants.               §

**MEMORANDUM OPINION AND ORDER GRANTING
OPPOSED MOTION TO WITHDRAW AS COUNSEL**

Kristi Motley, and the law firm of Nace & Motley, LLP has filed a Motion to
Withdraw as Counsel for Plaintiff Considerate Commerce Inc. and Third-Party
Defendants Mahmood Osorio and Melody Osorio (collectively the "Considerate
Parties"). *See* Dkt. No. 224.

Ms. Motley requests that the Court allow her to withdraw as counsel of record
for the Considerate Parties. She explains that "Attorney Dave Wishnew of the law
firm Crawford, Wishnew & Lang, PLLC has recently filed a Notice of Appearance and
Designation of Lead Counsel" in this case; that the Considerate Parties "desire Mr.
Wishnew to remain as [their] lead counsel"; and that "withdrawal is necessary to
effectuate the client's choice of counsel." Dkt. No. 224 at 3. Ms. Motley adds that the
Considerate Parties have consented to her withdrawal and that it "is not sought for
delay, but so that justice may be done." *Id.*

Defendant/Counter-Plaintiff ISPTek Services, LLC and Defendant ISP

Electronics, LLC (collectively, "Defendants") oppose the request and assert that

Defendants have genuine concerns about the potential for Ms. Motley's withdrawal to disrupt and delay these proceedings resulting in prejudice to Defendants. These concerns were communicated to Ms. Motley and the Considerate Parties' new counsel prior to the Motion to Withdraw being filed, but none of these concerns were addressed in Ms. Motley's motion nor in correspondence beforehand by either Ms. Motley or the Considerate Parties' new counsel. Indeed, the Motion to Withdraw fails to address any of Defendants' concerns and fails to even argue, much less show, that good cause exists for Ms. Motley's withdrawal.

Good cause does not exist for Ms. Motley's withdrawal 1) in light of the Considerate Parties' efforts to cast blame on Ms. Motley for all of their actions and inactions in this case, as well as 2) at this late stage of the case. First, the Considerate Parties have recently sought to use Ms. Motley as an excuse for the Considerate Parties' actions and inactions in this case and are attempting to use such as a basis to relitigate this entire case. *See* Considerate Parties' Objection to Report and Recommendation of the United States Magistrate Judge, Motion for Reconsideration of Motion to File Late Response, Objection to Findings, Conclusions, and Recommendation of the United States Magistrate Judge. While these motions have recently been resolved, the Considerate Parties' arguments in the motions shed light on their new litigation strategy – blaming all unfavorable rulings and/or litigation positions on their prior counsel. With several motions pending where discovery sanctions may be awarded, such positions necessitate Ms. Motley's continued presence in the case. Her absence would make it more difficult for Defendants to refute these allegations of attorney misconduct and Ms. Motley should be required to respond to those assertions, rather than allowing the Considerate Parties to "try the empty chair" for each of their failed arguments.

Second, this case has been pending for nearly two years during which over two hundred filings have been made, over ten thousand documents have been produced, and the only remaining deadlines—aside from briefing this motion—relate to pretrial and trial. As has already been demonstrated through their filings, the Considerate Parties' new counsel cannot replicate Ms. Motley's institutional knowledge of this case at this stage in the litigation. Going forward, it is inevitable that Ms. Motley will, and must, remain involved in this case if for nothing but the practical purpose of continuing to educate the Considerate Parties' new counsel of the goings-on in this case throughout its two-year history and avoiding the argument of lack of

knowledge by new counsel with respect to prior actions/positions. Ms. Motley's formal withdraw would only cause further delays, excuses, and complexities that will primarily prejudice Defendants.

Moreover, Defendants still have several motions pending that seek the recovery of their attorneys' fees from the Considerate Parties and/or their counsel. Defendants are concerned that the Considerate Parties and their new counsel will attempt to disclaim liability by blaming any attorneys' fee award and/or sanction on the actions of Ms. Motley, thereby risking Defendants' ability to recover should Ms. Motley be dismissed. In fact, this concern has already been confirmed. As evidenced by the Considerate Parties' most recent filings, the Considerate Parties' new strategy is blaming all unfavorable outcomes on Ms. Motley. It is not unreasonable to assume they would do the same should attorneys' fees or sanctions be awarded against them. Ms. Motley's complete absence would invite an attractive scapegoat, regardless of the merit or lack thereof to such an allegation. At the very least, Ms. Motley's continued presence in this case would allow her, and perhaps require her, to respond to the allegations that were levied against her and are likely to arise again as this case proceeds.

Dkt. No. 233 at 4-6 (cleaned up).

"Attorneys normally are expected to work through the completion of a case." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). And so, an attorney of record may not withdraw as counsel of record until certain requirements are satisfied. The question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (cleaned up).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.*; *accord* N.D. Tex. L. Civ. R. 83.12(a) (requiring that "an attorney desiring to withdraw in any case must file a motion to withdraw"). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Intellipay*,

828 F. Supp. at 34 ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

"A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case." *Edwards v. Oliver*, No. 3:17-cv-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022). "Whether good cause exists for an attorney to withdraw is a question of federal law." *Id.* at *2 (cleaned up). That question may be answered "by referring to the standards for withdrawal articulated in national ethics canons and in the ethics rules adopted by the court." *Id.* (cleaned up). And, at least through Local Civil Rule 83.8(e), the United States District Court for the Northern District of Texas "has adopted the Texas Disciplinary Rules of Professional Conduct." *Id.*

"If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where … an attorney seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (cleaned up).

Good cause exists for Ms. Motley to withdraw as counsel because, as the Considerate Parties persuasively assert in their reply, "there are irreconcilable conflicts between Ms. Motley and the Considerate Parties and her continued representation would violate the ethical obligations of an attorney" because the Considerate Parties discharged Ms. Motley. Dkt. No. 236 at 2, 7. Indeed, under Texas Disciplinary Rules of Professional Conduct 1.16(a)(3), an attorney must withdraw,

with or without good cause.

Texas Rule of Disciplinary Conduct 1.16(a)(3) provides that "[a] lawyer shall decline to represent a client or, where representation has commenced, shall withdraw, except as stated in paragraph (c), from the representation of a client, if: … (3) the lawyer is discharged, with or without good cause." But Texas Rule of Disciplinary Conduct 1.16(c) – as incorporated into Rule 1.16(a)(3)'s "except" clause – provides that, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *See In re Fernandez*, 478 F. App'x 138, 140 (5th Cir. 2012) (explaining that "[i]ntractable clients … can undeniably force attorneys into difficult situations" and that "such situations may present sufficient grounds to seek leave to withdraw" but also that Rule 1.15(c) "requir[es] an attorney to remain as counsel if the court so orders").

Consistent with those rules, courts in this circuit have explained that, "even if good cause is shown, a court may deny counsel's request to withdraw," *Taylor v. Brooke Franchise Corp.*, No. 6:08-CV-249-JDK, 2019 WL 13221156, at *1 (E.D. Tex. Mar. 14, 2019), and determined that, where an attorney "offered no reason for withdrawal beyond the termination of their 'attorney-client relationship under the terms of their engagement agreement,'" the attorney "failed to meet its burden" because "[t]ermination of the attorney-client relationship – with no explanation for the termination – does not constitute good cause," *Terra Tersus, LLC v. XTO Energy, Inc.*, No. 6:17-CV-697-RWS-KNM, 2018 WL 10125126, at *1 (E.D. Tex. Aug. 29, 2018) (cleaned up).

And, so, even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).

To address this additional requirement, courts typically consider a number of other factors when determining whether to allow an attorney to withdraw. *See id.*; *White*, 2010 WL 2473833, at *2-*3. Chief among these factors are "undue delay in the proceedings, prejudice to the client, and the interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-cv-472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip., Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)); *see also White*, 2010 WL 2473833, at *3 (explaining that these factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice").

After careful consideration of the relevant factors, the Court determines that prosecution and completion of this lawsuit would not be disrupted by Ms. Motley's withdrawal.

The Considerate Parties have retained Mr. Winshew and his firm to serve as

their counsel. And their various filings in this case to date suggest that they have worked diligently to acquire an understanding of its factual background and procedural history. The Court understands that Defendants did not choose, and no doubt would not have chosen, to find themselves opposite the attorney-client dynamic – between Ms. Motley and her clients – that the docket has recently reflected. But neither can Defendants essentially choose their opposing co-counsel or force the Considerate Parties to retain Ms. Motley as Mr. Winshew's co-counsel going forward based on her historical knowledge and participation in this case, even as Mr. Winshew and his firm continue to actively litigate the case on the Considerate Parties' behalf.

And this is not an instance of terminating an attorney-client relationship with no explanation for the termination. Defendants acknowledge that Mr. Winshew has (in Defendants' words) "blam[ed] all unfavorable rulings and/or litigation positions on [his clients'] prior counsel." But that cannot serve as both a reported reason for her termination and a justification to force her to remain as co-counsel in the case over her clients' objections. The Court itself raised concerns regarding who was representing the Considerate Parties when Mr. Winshew and Ms. Motley were both making filings in the last several months. *See* Dkt No. 222.

Defendants also suggest that the Court should require Ms. Motley to remain as co-counsel for her clients who have discharged her so that – even if for no other reason – she can choose or (as Defendants suggest) "perhaps [be] require[d]" to respond to her clients' and their new counsel's "allegations of attorney misconduct"

and "blaming all unfavorable rulings and/or litigation positions" on her. But, consistent with those allegations, the Considerate Parties have chosen to discharge Ms. Motley. Requiring her to remain in the case, nominally as co-counsel for the Considerate Parties, so that she can essentially serve as a witness and take positions contrary to those that her clients are taking through their new counsel would, it seems, turn the nature of an attorney-client relationship on its head and would, at the least, distort the basis for the general presumption that an attorney, once appearing, will continue in a case through its completion.

And, as to Defendants' concern that withdrawal may prejudice their ability to recover against Ms. Motley on their Amended Motion for Rule 37 Sanctions and Attorneys' Fees pending before the Court [Dkt. No. 234], the Court does not lose its authority to impose sanction and/or the recovery of attorneys' fees after allowing withdrawal of counsel. *Accord Expo Grp. LLC v. Purdy*, No. 3:23-cv-2043-X, 2024 WL 5113494, at *3 (N.D. Tex. Dec. 12, 2024) (explaining that the "the final disposition of a case doesn't curtail a court's power to sanction counsel for its conduct when the case was live" and granting motion to withdrawal counsel even though there were pending fees awards). And, as former counsel in this case and an attorney admitted to practice in this district, Ms. Motley will still be subject to the Court's orders, if necessary. And, so, the Court is not persuaded that it should require Ms. Motley to remain as current co-counsel for the Considerate Parties only so that Defendants can, in connection with sanctions and fees motions, "refute [the Considerate Parties and their new counsel's] allegations of attorney misconduct."

Measured against all of these considerations, the Court is not persuaded that Ms. Motley's withdrawal as counsel of record will unduly delay or disrupt the proceedings, prejudice her now-former clients or unduly prejudice Defendants, or harm the and the interests or administration of justice.

And, so, for all of these reasons, the Court GRANTS Ms. Motley Motion to Withdraw as Counsel [Dkt. No. 224] and ORDERS that Ms. Motley, and the law firm of Nace & Motley, LLP is withdrawn as counsel of record for Plaintiff Considerate Commerce Inc. and Third-Party Defendants Mahmood Osorio and Melody Osorio.

The Court further ORDERS that the docket be amended to reflect Ms. Motley has withdrawn as counsel for Plaintiff Considerate Commerce Inc. and Third-Party Defendants Mahmood Osorio and Melody Osorio and no longer needs to be noticed of any pleadings, motions, or other documents filed or served in this case.

SO ORDERED.

DATED: September 5, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE